UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Raymond Voisine, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:10-cv-94 |
| | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF MOTION TO DISMISS** |
| Alex Schweitzer, | ) | **SECTION 2254 PETITION** |
| | ) | |
| Respondent. | ) | |

## I.  SUMMARY OF PROCEEDINGS.

### A.  Criminal proceedings.

On October 22, 2004, the Petitioner, Raymond Voisine ("Voisine") pled guilty in the Sheridan County District Court to the class B felony offense of Gross Sexual Imposition. Exs. 4A, 4B. The state trial court sentenced Voisine to five years in the custody of the North Dakota Department of Corrections and Rehabilitation ("DOCR") with four years suspended for a period of five years, subject to terms and conditions of supervised probation. Id.

On June 2, 2005, the state trial court revoked Voisine's probation on account of his failure to complete sex offender treatment. Exs. 5A, 5B. Voisine admitted to the allegations of the petition for revocation. Id. The state trial court sentenced Voisine to ten years to the DOCR, with five years suspended for five years. Id.

Voisine did not appeal from the order revoking his probation, but he subsequently filed an application for post-conviction relief. Ex. 6. The trial court denied Voisine's application for post-conviction relief. Ex. 7.

Voisine appealed the order denying his application for post-conviction relief.  Exs. 8, 9.  The North Dakota Supreme Court reversed the trial court's order and vacated the June 2, 2005, criminal judgment and order revoking Voisine's probation.  Voisine v. State, 2008 ND 91, 748 N.W.2d 429, Ex. 10.

In June of 2008, the trial court modified Voisine's conditions of probation.  Ex. 11.

**B.     Civil commitment proceedings for sexually dangerous individuals.**

A petition was brought to civilly commit Voisine as a sexually dangerous individual.  Ex. 1.  The petition alleged multiple allegations of sexually predatory conduct.  Id.

A hearing on the petition was held on May 29, 2009.  Ex. 12.  The hearing was carried over until June 1, 2009.  Ex. 13.  Following the hearing, the trial court found by clear and convincing evidence Voisine is a sexually dangerous individual who is likely to engage in further acts of sexually predatory conduct and ordered Voisine committed to the care, custody, and control of the executive director of the North Dakota Department of Human Services.  Ex. 14.

Voisine appealed the order of commitment.  Exs. 15, 16.  The court reversed the trial court's order and remanded, concluding the trial court erred by finding that incest between consenting adults falls within the statutory definition of sexually predatory conduct and by omitting necessary findings.  Matter of Voisine, 2010 ND 17, ¶ 1, 777 N.W.2d 908.  Ex. 17.

A hearing was held in the trial court upon remand.  Ex. 18.  After the hearing, the trial court issued its order finding Voisine is a sexually dangerous individual who is likely to engage in further acts of sexually predatory conduct and who has serious difficulty

2

controlling his behavior. Ex. 19. The trial court granted the petition for civil commitment. Id.

Voisine appealed the trial court's order after remand. Exs. 20, 21. The state appellate court summarily affirmed the trial court's order under N.D.R.App.P. 35.1(a)(2). Matter of Voisine, 2010 ND 241, 2010 WL 5416849. Ex. 22.

### C. Summary of the facts.

On January 6, 2003, an agent with the North Dakota Bureau of Criminal Investigation ("BCI") bought a sawed-off shotgun from Voisine while working in an undercover role. Ex. 12 at 11, ll. 6-25; 12, ll. 1-2. The agent followed up on the shotgun buy with a search warrant of Voisine's residence to search for other firearms and to recover the buy money. Id. at 12, ll. 7-11. During the search of Voisine's residence, law enforcement found sexually explicit photographs of one of Voisine's daughters under his pillow. Id. at 12, ll. 7-16; 13, ll. 8-10. Voisine identified the pictures as being of his daughter. Id. at 14, ll. 17-21.

Voisine's grandson, M.V., resided at Voisine's residence. Id. at 14, l. 17. M.V. slept in bed with Voisine. Id. at 14, ll. 21-23. Burleigh County Social Services contacted a BCI agent after the agency had removed M.V. from Voisine's residence and placed him in a group home in Bismarck. Id. at 17, ll. 16-20. Burleigh County Social Services had concerns that M.V. was sexually acting out and showed aggressive behavior in the group home. Id. at 17, ll. 2-11.

An investigation ensued which led to various criminal charges against Voisine. Ex. 12 at 18, ll. 14-23. Voisine pled guilty to the charges involving another child, C.V., who was about six or seven years old at the time of the offense. Id. at 30, ll. 17-25; 31,

l. 1; 39, ll. 6-14.  At the preliminary hearing in the civil commitment proceedings, Voisine admitted to sexually offending against C.V.  Ex. 2 at 4, l. 25.

Dr. Lynne Sullivan, a forensic psychologist, evaluated Voisine.  Dr. Sullivan found the presence of hebephilia, a sexual disorder involving the arousal and attraction to individuals who are in puberty and not postpubertal, but in puberty range.  Ex. 12 at 81, ll. 13-17.  Dr. Sullivan also indicated the presence of sexual deviance suggestive of pedophilia, but she could not really diagnose the full presence of pedophilia.  Id. ll. 18-25.  She also found that Voisine met the criteria for paraphilia not otherwise specified and personality disorder not otherwise specified with antisocial features.  Id. at 88, ll. 19-25; 89-91; 98, ll. 13-25; 99, ll. 1-9.

Dr. Sullivan believed Voisine was likely to engage in future acts of sexually predatory conduct.  Id. at 91, ll. 7-25; 98, ll. 16-22.  She found Voisine to be highly psychopathic and to have the presence of sexual deviance.  Id., ll. 22-24, and that his risk for future sexual reoffense is higher than what can be estimated by the actuarial risk assessment instruments.  Id. at 88, ll. 5-12; 98, ll. 12-25; 99, ll. 1-2.

Dr. Sullivan also opined Voisine would have serious difficulty controlling his sexual behavior.  Ex. 12 at 99, ll. 3-5.  She explained that Voisine continues to deny the sex offense against C.V.  Id. at 92, ll. 13-15.  He denied having sexual contact with his daughter and fathering two children.  Id. at ll. 16-17.  He denied his child M.V.'s report that he had sexual contact with M.V.  Id. at ll. 17-19.  He continued to engage in sexually inappropriate behavior with his daughter, H.V., even while he was incarcerated at the North Dakota State Penitentiary.  Id. at 93, ll. 21-24; 94, ll. 1-3.  Dr. Sullivan also noted Voisine's family members do not appear motivated to assist him in avoiding sexually inappropriate behavior, and in fact, they facilitate it.  Id., ll. 3-25; 95, ll. 1-5.

4

## II. APPLICATION OF THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT.

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. Voisine's petition for relief under 28 U.S.C. § 2254 was filed on October 29, 2010. Therefore, it is subject to the AEDPA.

"'[W]ith respect to any claim' that the state court 'adjudicated on the merits,' we will grant relief only if that court's decision is 'contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or is 'based on an unreasonable determination of the facts in light of the evidence presented.' 28 U.S.C. § 2254(d)." Perry v. Kemna, 356 F.3d 880, 882 (8th Cir. 2004).

"'[C]learly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" Carey v. Musladin, 549 U.S. 70, 74 (2006) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).

### A. The state court decision in Matter of Voisine is not "contrary to" clearly established federal law as determined by the Supreme Court.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (quoting Williams, 529 U.S. at 405-06). "A state court's decision must be 'mutually opposed' to clearly established Supreme Court precedent in order to satisfy the 'contrary to' clause." Simmons v. Bowersox, 235 F.3d 1124, 1130 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(d)(1)). The decision in Voisine is not mutually opposed to clearly established Supreme Court precedent.

5

**B.      The state court decision in <u>Matter of Voisine</u> does not involve an "unreasonable application of" clearly established federal law as determined by the Supreme Court.**

A state court decision is an unreasonable application of clearly established Supreme Court precedent if the state court correctly identifies the governing legal rule but unreasonably applies the rule to the facts of a particular case.  <u>Williams</u>, 529 U.S. at 407-08.  An unreasonable application is not the same as an incorrect decision.  <u>Kinder v. Bowersox</u>, 272 F.3d 532, 538 (8th Cir. 2001).  A federal court may not issue the writ simply because it concludes in its independent judgment the state court applied clearly established federal law erroneously or incorrectly.  The state court's application must also be objectively unreasonable.  <u>Middleton v. Roper</u>, 455 F.3d 838, 845 (8th Cir. 2006).  The decision in <u>Voisine</u> is not objectively unreasonable.

**C.      The state court's factual determinations in <u>Matter of Voisine</u> are presumptively correct.**

A determination of a factual issue made by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1); <u>Buchheit v. Norris</u>, 459 F.3d 849, 852 (8th Cir. 2006).  Voisine has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "This 'presumption of correctness applies to factual determinations made by state courts, whether the court be a trial court or an appellate court.  The statute makes no distinction between the factual determinations of a state trial court and those of a state appellate court.'"  <u>Perry</u>, 356 F.3d at 883 (quoting <u>King v. Bowersox</u>, 291 F.3d 539, 540 (8th Cir. 2002)).  The factual determinations in <u>Voisine</u> are presumptively correct.

### D. Voisine must exhaust his state court remedies.

This Court may not grant habeas relief on any claims for which Voisine failed to properly exhaust his state court remedies.  28 U.S.C. § 2254(b)-(c); Rhines v. Weber, 544 U.S. 269, 274 (2005); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).

Voisine "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

A "habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).

"Comity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).  "[Voisine] must present 'both the factual and legal premises' of his claims to the state courts in order to preserve them for federal habeas review." Flieger v. Delo, 16 F.3d 878, 884 (8th Cir. 1994) (quoting Cox v. Lockhart, 970 F.2d 448, 454 (8th Cir. 1992) (emphasis in original)).  Voisine's Section 2254 claims must rely on the same factual and legal bases he relied on in the state court. Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006).

Voisine has the burden to show he exhausted all available state remedies or that he meets some exception to the exhaustion requirement. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).

If Voisine fails to meet the fair presentation requirements for any of his claims, those claims are generally considered to be procedurally barred from federal habeas review.  Turnage v. Fabian, 606 F.3d 933, 936 (8th Cir. 2010).

7

### III. VOISINE FAILS TO COMPLY WITH RULE 2 OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Voisine alleges he was wrongly accused and falsely charged for a crime he did not commit. Doc. 6 at 3; Doc. 6-1 at 1. He further alleges he "was tried twice for the crime in the United States. It's illegal. [He has] done six years in prison and three years at the state hospital. It was suspose (sic) to be 1 year with 4 suspended and the treatment was suspose (sic) to be out patient. [He] was doing that everything (sic) to the letter." Doc. 6-1 at 2.

This Court has construed Voisine's complaint as a petition for Section 2254 relief. Doc. 5 at 2. Although this Court concluded Voisine is challenging the validity of his civil commitment as a sexually dangerous individual, he also appears to challenge the validity of his criminal conviction for gross sexual imposition. Therefore, Respondent Alex Schweitzer will address the criminal conviction as well.

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court requires the petition to: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner.

"We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief." Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990). "We hold that in order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient

detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Id. at 334.

Voisine's petition fails to comply with the requirements of Rule 2 of the Rules Governing Section 2254 Cases and should be dismissed.

### IV. VOISINE'S APPLICATION IS TIME-BARRED UNDER 28 U.S.C. § 2244(d)(1)(A).

To the extent Voisine may be challenging his criminal conviction, his application is subject to the AEDPA's one-year statute of limitations provisions under 28 U.S.C. § 2244(d).

Section 2244(d) requires Voisine file his Section 2254 petition within one year of the date when the state trial court's criminal judgment became final by the "conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C. § 2244(d)(1)(A); Riddle v. Kemna, 523 F.3d 850, 853 (8th Cir. 2008) (*en banc).*

The statute of limitations imposed by subsection (A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by certiorari proceedings before the Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998). Rule 13.1 of the Rules of the Supreme Court requires a petition for certiorari must be filed within 90 days from the date of the judgment of the state court of last resort.

The criminal judgment was entered on October 22, 2004. Ex. 4A. Under Rule 4(b)(1) of the North Dakota Rules of Criminal Procedure, Voisine had thirty days after

9

the entry of judgment to file a notice of appeal with the clerk of the district court. Voisine did not perfect a direct criminal appeal. The criminal judgment was amended in March of 2005. Ex. 4B. There was no appeal.

Voisine's probation was revoked in June of 2005. Exs. 5A, 5B. Again, he had thirty days after the entry of judgment to file a notice of appeal. He did not perfect a direct criminal appeal from the order revoking his probation.

There was no case the Supreme Court could review and the 90-day period does not apply. Riddle v. Kemna, 523 F.3d at 855-56 (abrogating that part of Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999), that included the 90-day time period for filing for certiorari in all tolling calculations under 28 U.S.C. § 2244(d)(1)(A)). Therefore, November 22, 2004, was the day his state court judgment became final -- and is the day the one-year limitation started.

28 U.S.C. § 2244(d)(2) allows a properly filed application for state post-conviction relief to toll the one-year limitation period. "[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

The Eighth Circuit reaffirmed Painter in Boston v. Weber, 525 F.3d 622, 626 (8th Cir. 2008). "Indeed, our rule in *Painter* is consistent with the plain language of 28 U.S.C. § 2244, which states that the 'limitation period shall run from . . . the date on which the judgment became final[,]' 28 U.S.C. § 2244(d)(1)(A), and the limitation period tolls only when 'a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending*[,]' 28 U.S.C. § 2244(d)(2) (emphasis added)." Boston, 525 F.3d at 626.

Voisine did not file an application for post-conviction relief or collateral review of the order revoking his probation until November 29, 2006, which was almost eighteen months after the June 2, 2005, criminal judgment after revocation of probation.  Ex. 6.  There was no case pending during the approximately eighteen-month time period between entry of the criminal judgment upon revocation of probation and Voisine's post-conviction application, and his post-conviction application, which only challenged his revocation of probation, not his underlying conviction, was almost twenty-five months after the judgment of conviction was initially entered.  Therefore, there was no limitation period left to toll.  The statute of limitations under 28 U.S.C. § 2244(d)(1) had expired.  Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003); Painter v. Iowa, 247 F.3d at 1256.

28 U.S.C. § 2244(d) bars any Section 2254 challenge by Voisine to his criminal conviction for gross sexual imposition.

## V.     VOISINE'S APPLICATION FAILS FOR LACK OF EXHAUSTION.

28 U.S.C. § 2254(b)(1)(A) precludes the grant of habeas relief unless "the applicant has exhausted the remedies available in the courts of the State."  To exhaust his federal claims, if he actually has any, Voisine must have presented his federal constitutional claims to the state's highest court through the state's available appellate procedures.  O'Sullivan v. Boerckel, 526 U.S. at 845; Armstrong v. Iowa, 418 F.3d 924, 925 (8th Cir. 2005).  Voisine must also raise both the "factual and legal bases" of his claim in the state courts.  Winfield, 460 F.3d at 1034; Flieger, 16 F.3d at 885.

Voisine did not directly appeal from his judgment of conviction for the crime of gross sexual imposition, and he did not directly appeal from the judgment after revocation of probation.  When Voisine appealed from the state trial court's order

11

denying his application for post-conviction relief, he did not present any federal constitutional arguments in his appeal. Ex. 8.

In Voisine's first appeal in his civil commitment proceedings, he only alleged the trial court's order was not supported by clear and convincing evidence. Ex. 15 at 1, 4. He did not allege any federal constitutional violations or cite any federal constitutional authority. Id.

The same is true for his second appeal in the civil commitment proceedings. His issue on appeal was whether the trial court erred when it determined on remand that Voisine remained a sexually dangerous individual. Ex. 20 at 5. Again, he did not allege any federal constitutional violations or cite any federal constitutional authority.

Voisine has failed to raise and fairly present federal constitutional claims in the state courts. His Section 2254 application fails for lack of exhaustion. 28 U.S.C. § 2254(b)(1) precludes relief.

## VI. SECTION 2254(d)(1) BARS RELIEF ON VOISINE'S CLAIMS.

This Court may also deny Voisine's application on the merits, notwithstanding his failure to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2).

Voisine alleges he was tried twice for a crime and that is illegal. Doc. 6-1 at 2. To the extent his application may be construed to comply with Rule 2 of the Rules Governing Section 2254 Cases, a point that Schweitzer does not concede, it appears Voisine may be alleging a double jeopardy violation - that because he was already tried, convicted, and sentenced for gross sexual imposition, he cannot be subsequently civilly committed as a sexually dangerous offender.

Voisine must identify United States Supreme Court precedent justifying an argument that North Dakota state courts acted contrary to, or unreasonably applied,

clearly established Supreme Court precedent. <u>Losh v. Fabian</u>, 592 F.3d 820, 823 (8th Cir. 2010); <u>Evenstad v. Carlson</u>, 470 F.3d 777, 783 (8th Cir. 2006).

Supreme Court precedent does not support Voisine's claims. The Supreme Court has rejected double jeopardy arguments in civil commitment cases in <u>Seling v. Young</u>, 531 U.S. 250 (2001), and <u>Kansas v. Hendricks</u>, 521 U.S. 346 (1997). Section 2254(d) precludes relief on Voisine's claims.

## CONCLUSION

For the above reasons, Schweitzer requests this Court deny Voisine's Section 2254 claims and dismiss his petition.

Dated this 14th day of January, 2011.

        State of North Dakota
        Wayne Stenehjem
        Attorney General

        By: <u>*/s/ Ken R. Sorenson*</u>
            Ken R. Sorenson, State Bar ID 03621
            Assistant Attorney General
            Office of Attorney General
            600 East Boulevard Avenue, Dept. 125
            Bismarck, ND  58505-0040
            Tele. (701) 328-2210
            Fax No. (701) 328-3535

        Attorneys for Respondent Alex Schweitzer

## ATTORNEY'S CERTIFICATE OF SERVICE

### CASE NO. 2:10-cv-94

I hereby certify that on the 14th day of January, 2011, the following document:

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECTION 2254 PETITION**

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

N/A

I further certify that a copy of the foregoing document will be mailed by first class mail, postage paid, to the following non-ECF participant:

RAYMOND VOISINE
NORTH DAKOTA STATE HOSPITAL
2605 CIRCLE DR
JAMESTOWN ND  58401-6905

Dated January 14, 2011.

/s/ Ken R. Sorenson
Ken R. Sorenson, No. 03621
Assistant Attorney General