IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Raymond Voisine, | ) |
| | ) |
| Petitioner, | ) |
| | )   Case No. 2:10-cv-94 |
| vs. | ) |
| | )   **ORDER** |
| Alex Schweitzer, | ) |
| | ) |
| Respondent. | ) |

Petitioner Raymond Voisine ("Voisine") filed a petition for habeas relief under 28 U.S.C. § 2254 (Doc. #6) and a motion to appoint counsel (Doc. #7). The court conducted an initial review of the petition and ordered service upon the respondent. (Doc. #8). The respondent submitted the state court records, and filed a response (Doc. #23) and a motion to dismiss the habeas petition (Doc. #15). Voisine did not respond to the respondent's motion to dismiss, and the time for doing so has expired.

## Background

Voisine pled guilty to one count of gross sexual imposition and the state district court entered its criminal judgment on October 22, 2004. Resp. Ex. 4A. Voisine was sentenced to five years of incarceration with four years suspended, and five years of supervised probation. Id. Voisine did not appeal the judgment. On March 30, 2005, the state district court entered an amended criminal judgment to accurately reflect the number of days of credit for time Voisine spent in custody prior to the court's criminal judgment. Resp. Ex. 4B.

In May 2005, the state petitioned to revoke Voisine's probation because he failed to successfully complete sex offender treatment while incarcerated, specifically because he would not accept responsibility for or admit to the offense. Voisine v. State, 2008 ND 91, ¶ 3, 748

N.W.2d 429, 431; Resp. Ex. 5A.  After a revocation hearing, the state district court revoked Voisine's probation and resentenced him to ten years of imprisonment with five years suspended, and five years of supervised probation.  Resp. Ex. 5B.  Voisine did not appeal the judgment, but instead filed a petition for post-conviction relief, which was denied by the state district court.  Resp Exs. 6, 7.  Voisine appealed the denial of his petition to the North Dakota Supreme Court, which reversed the state district court, finding the district court erred in denying Voisine's petition for post-conviction relief because his conditions of probation did not become effective until Voisine was released from incarceration.  See Voisine v. State, 2008 ND 91, 748 N.W.2d 429; Resp. Ex. 10.

After the North Dakota Supreme Court issued its opinion in May of 2008, Voisine was released from incarceration and the state petitioned to commit him as a sexually dangerous individual.  Resp. Ex. 1.  The state alleged Voisine sexually abused his grandson, fathered three children with two of his daughters, sexually abused his daughters as minors, conceived a child with a sixteen-year-old girl in Maine, and promoted obscenity to a minor by showing pornography to his grandson/son.  In re Voisine, 2010 ND 17, ¶ 4, 777 N.W.2d 908, 910; Resp. Exs. 1, 17.  The state district court found incest between a father and his daughters is "sexually predatory conduct" and because Voisine committed incest with his daughters, had sexual contact with his grandchildren, and is supported by his immediate family in his conduct, "it is a near certainty that he will once again engage in sexually predatory conduct without institutional treatment."  Id. at ¶ 6, 777 N.W.2d at 910-911; Resp Exs. 14, 17.  Voisine appealed the civil commitment order to the North Dakota Supreme Court, which found the state district court erred in finding incest between consenting adults is "sexually predatory conduct."  Id. at ¶ 15, 777

N.W.2d at 913; Resp. Ex. 17.  The North Dakota Supreme Court could not determine whether the remainder of the civil commitment order was adversely influenced by the error, so it reversed the state district court and remanded for further proceedings and findings of fact.  Id.

On remand, the state district court found that Voisine's sexual contact with his grandson and with a sixteen-year-old girl is "sexually predatory conduct," that Voisine suffers from a sexual, personality, or other mental disorder, and because Voisine committed incest with his daughters, had sexual contact with his grandchildren, impregnated a minor, and is supported by his immediate family in his conduct, "it is a near certainty that Voisine will once again engage in sexually predatory conduct without institutional treatment."  Resp. Ex. 19.  Voisine appealed the civil commitment order to the North Dakota Supreme Court, which summarily affirmed the order.  State v. Voisine, 2010 ND 241, No. 20100163, 2010 WL 5416849 (N.D. Dec. 21, 2010).  The North Dakota Supreme Court issued its mandate on January 26, 2010.  See http://www.ndcourts.gov/court/docket/20100163.htm.

In Voisine's habeas petition he states he was wrongly accused, arrested, and charged for a crime he did not commit, and alleges he was tried twice for the same crime.  (Docs. #6, 6-1).  It appears Voisine is challenging his civil commitment and his conviction for gross sexual imposition.

## Discussion

### I.   Custody Requirement

Habeas corpus relief is only available to a prisoner if he is in custody.  28 U.S.C. § 2254(a).  A habeas petition filed after a prisoner's sentence has expired fails to satisfy the custody requirement.  Cotton v. Marbary, 674 F.2d 701, 703-04 (8th Cir. 1982).  The respondent

states that Voisine is currently on supervised probation for his conviction for gross sexual imposition. (Doc. #23). Therefore, Voisine is considered in custody for purposes of habeas corpus. See Barks v. Armontrout, 872 F.2d 237, 238 (8th Cir. 1989).

## II.     Statute of Limitations

Voisine's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. AEDPA provides that the one-year statute of limitations starts to run on the date when the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Voisine did not appeal from the judgment of conviction entered by the state district court on October 22, 2004, or the amended judgment of conviction entered on March 30, 2005. Therefore, under AEDPA the statute of limitations for filing his federal habeas petition began to run on the date of the expiration of time for seeking review. Rule 4(b) of the North Dakota Rules of Appellate Procedure provides that a party must file an appeal with the clerk of district court within thirty days after entry of the judgment. Thus, under 28 U.S.C. § 2244(d)(1)(A), Voisine's one-year clock started to tick for his claims on April 30, 2005.

According to the state court docket, Voisine filed his petition for state post-conviction relief on November 22, 2006, after the period of limitations had expired. The court notes that the petition challenged the revocation of Voisine's probation, and not his underlying conviction, which is the subject of his federal habeas petition. The petition for state post-conviction relief, even if timely filed, would not have tolled the statute of limitations. Similarly, all of Voisine's other state court proceedings relate to his civil commitment, and did not toll the statute of limitations.

Voisine's federal petition for habeas relief was not filed until October 29, 2010, long after the period of limitations had expired. Voisine's claims that he was wrongly accused, arrested, and charged for a crime he did not commit are barred from federal review.

The court recognizes that, as a matter of equity, this court may toll the AEDPA's statute of limitations. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003). Case law provides that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 123 S.Ct. 1361 (2003)); see also Baker, 321 F.3d at 772 (stating that "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul"). Thus, equitable tolling provides an extremely limited opportunity for this court to consider an otherwise time-barred petition. Voisine has not demonstrated any justification for equitable tolling.

## III. Exhaustion Requirement

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement. Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).  The exhaustion doctrine requires a state prisoner to "give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"To satisfy the exhaustion requirement, [Voisine] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing that the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law"). "To 'fairly present' his claim, the petitioner must present the same facts and legal theories to the state court that he later presented to the federal courts." Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994). In addition, petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state court. Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986).

Voisine claims that he was illegally tried twice for the same crime. The respondent assumes, and the court agrees, that Voisine is alleging that his civil commitment constitutes double jeopardy because he was already convicted and served a sentence for the crime of gross sexual imposition. Voisine failed to properly exhaust this claim in the state courts.

Despite Voisine's failure to exhaust his state remedies, the court may resolve the issue on the merits. 28 U.S.C. § 2254(b)(2); Williams v. Norris, 612 F.3d 941, 952-53 (8th Cir. 2010). The United States Supreme Court has held that a civil commitment following a criminal conviction does not constitute double jeopardy when the civil commitment statute is civil and not punitive in nature. See Selling v. Young, 531 U.S. 250 (2001); Kansas v. Hendricks, 521 U.S. 346 (1997). The North Dakota Supreme Court has found the state statute for the commitment of sexually dangerous individuals is civil in nature:

> The legislature has clearly expressed its intent to create a civil, rather than criminal, procedure in N.D.C.C. ch. 25-03.3. The sexually dangerous individual commitment provisions have been placed in Title 25 of the Century Code, entitled "Mental and Physical Illness or Disability." The provisions are close in proximity and content to the provisions for civil commitment of the mentally ill or chemically dependent, contained in N.D.C.C. ch. 25-03.1. Thus, the legislature has demonstrated its "manifest intent" to create a civil proceeding, and N.D.C.C. ch. 25-03.3 will be found to violate double jeopardy only if [Voisine] provides the "clearest proof" that the statutory scheme is "so punitive either in purpose or effect as to negate" the legislative intent to deem it civil.

In re M.D., 1999 ND 160, ¶ 27, 598 N.W.2d 799, 805 (citing Kansas v. Hendricks, 521 U.S. 346, 361 (1997)); see also In re Maedche, 2010 ND 171, ¶ 22, 788 N.W.2d 331, 337. The North Dakota Supreme Court has noted the following: the state statute has a primary purpose of protecting the public from harm; it focuses on treatment and predicting future behavior; it requires annual mental examinations and reviews by the court; civilly committed individuals may petition for discharge annually; the burden of proof is on the state to prove by clear and convincing evidence that the individual is sexually dangerous; respondents in commitment proceedings have the right to be present, to testify, and to present and cross-examine witnesses; and civilly committed individuals are placed in the least restrictive treatment facility. In re M.D., 1999 ND 160, ¶ 28, 598 N.W.2d 799, 805; Whelan v. A.O., 2011 ND 26, ¶¶ 5-7, No.

386958, 2011 WL 386958, at *1-2 (N.D. Feb. 8, 2011); In re Maedche, 2010 ND 171, ¶¶ 22-23, 788 N.W.2d 331, 337-38; In re Midgett, 2007 ND 198, ¶¶ 9-10, 742 N.W.2d 803, 806.  Voisine has not offered any proof that North Dakota's civil commitment statute is punitive in purpose or effect.  Voisine's civil commitment under North Dakota's statutory scheme does not violate the Double Jeopardy Clause.

**IV.     Motion to Appoint Counsel**

Voisine filed a motion to appoint counsel.  (Doc. #7).  A habeas petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court."  McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted).  To evaluate whether a petitioner needs court appointed counsel, the court must consider the factual and legal complexity of the case, as well as the petitioner's ability to investigate and articulate his claims without appointed counsel.  Id.  The factual and legal issues raised by Voisine's petition are not so complex and numerous that the appointment of counsel would benefit either Voisine or the court.  Voisine has demonstrated at least a threshold ability to articulate his claims.  After reviewing Voisine's petition and his motion, the court concludes the appointment of counsel is not necessary in this case.

## Conclusion

Voisine's claims that he was wrongly accused, arrested, and charged for a crime he did not commit are untimely and are barred from federal review.  Voisine failed to exhaust available state remedies on his claim that he was illegally tried twice for the same crime, and in any event, that claim is without merit.  Voisine's civil commitment following his criminal prosecution, conviction, and sentence does not violate the Double Jeopardy Clause.  The issues raised in

Voisine's petition are not so complex and numerous that the appointment of counsel is necessary in this case.

**IT IS ORDERED** that respondent's motion to dismiss (Doc. #15) is **GRANTED** and Raymond Voisine's petition for habeas relief (Doc. #6) is **DISMISSED** with prejudice. It is further **ORDERED** that Raymond Voisine's motion to appoint counsel (Doc. #7) is **DENIED**. Based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)). If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997).

Additionally, the Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); see also Coppedge v. United States, 360 U.S. 438, 444-45 (1962).

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated this 17th day of February, 2011.

    /s/ *Karen K. Klein*
    Karen K. Klein
    United States Magistrate Judge